■ TAMMY KNAPIK, by MAE A. CRANNELL, Her Guardian ad Litem, Appellant, v. JULIA WHITAKER et al., Respondents.— *Per Curiam.* Appeal from a judgment of the Supreme Court entered upon a verdict of no cause of action in a personal injury negligence action. Appellant's brief poses the issue as follows: "This Appeal is based almost entirely upon the events that occurred when [the] attorney for the defendant Marilyn Hanna, arose to deliver his summation. Up to that point the trial had progressed in a fairly routine fashion". The existence of household liability insurance had been alluded to without objection on the part of anyone and statements contradictory of testimony given by Mrs. Hanna, when called as a witness for the plaintiff, her granddaughter, had been proven. All of the three highly experienced attorneys in the case share responsibility for the conduct of the trial that led to the summations complained of. The summations did, indeed, so far emphasize the questions of credibility and the suggestions of collusion as to overshadow the basic issues of liability respecting the infant plaintiff's cause of action. This diverted emphasis was heightened by interruptions of the summations by objections and by protracted colloquies by counsel and the court, and, further, on two occasions, when the jurors were excused and colloquies were continued in the courtroom and also, apparently, in off-the-record conferences in chambers. Under the circumstances a new trial must be had. Judgment reversed, on the law and the facts and in the interests of justice, and a new trial ordered, with costs to abide the event. Gibson, P. J., Herlihy, Aulisi and Gabrielli, JJ.,

concur in memorandum *Per Curiam*; Reynolds, J., dissents and votes to affirm in the following memorandum: Reynolds, J. (dissenting). I would affirm. There were involved in this action only questions of fact which were resolved in favor of the defendants. I would sustain the verdict of the jury and the judgment of the court who heard the case dismissing plaintiff's complaint. In my view the conduct of the trial by the defence attorneys was fully justified by the position they were forced to take because of the conduct of the defendants and plaintiff's counsel. Here there was a direct recantation and alteration of testimony by a defendant member of the family. The jury and the Judge who heard the case are definitely in a much better position to judge the credibility of the witnesses than we, and to determine at which time defendant was telling the truth, and which version to accept. I see no reason to reverse.